# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOUGLASS BRIDGEFORD, # 330-749 | * |
| Plaintiff, | *  Civil Action No.  PJM-13-2253 |
| | * |
| v | * |
| | * |
| DR. JOHN MORGAN, | * |
| DR. ODIFY, | * |
| P.A. KRISTAL SWACKER, | * |
| DENISE MORGAN, ASST. WARDEN, | * |
| Defendants. | * |
| | *** |

## MEMORANDUM OPINION

Douglass Bridgeford, a Maryland state inmate presently housed at Roxbury Correctional Institution in Hagerstown, Maryland, filed this Complaint under 42 U.S.C. §1983, raising the following allegations: 1) Assistant Warden Denise Morgan does not follow "mandated rules" to protect his life, liberty and "limbs" because he is suffering from pain to his body which she can prevent; 2) Dr. Morgan has made his pain worse by "removing" medication without examination or treatment; 3) Dr. Odify, the formulary administrator, has not approved his skin care lotion for "stage 4" eczema; and 4) P.A. Kristal Swacker has not addressed his shoulder pain issues. ECF 1 at ¶ III.   Additionally, Bridgeford disputes the treatment he has received for his shoulder pain and alleges he was prescribed a non-FDA approved insulin ("lavimir"[1]) for his diabetes. *Id*.  As relief, Bridgeford seeks to make Defendants "accountable for neglecting to provide medical treatment."*Id*. at IV.  For reasons to follow, this case will be dismissed failure to state a claim upon which relief may be granted.

---

[1] Bridgeford appears to reference Levemir, an injectable insulin. *Bridgford v Nimely*, *et al.* Civil Action No. PJM-13-495, ECF 61, Exhibit 2 ¶ 9.

**BACKGROUND**

Since Bridgeford, a pro se litigant, raised substantially the same allegations of fact in an earlier case, *Bridgeford v. Nimely, et al.*, Civil Action No. PJM-13-495 (D. Md. 2014), the Court directed Bridgeford on September 27, 2013, to show cause why the instant Complaint should not be dismissed. ECF 3. On October 15, 2013, Bridgeford responded by filing a Motion to Amend the Complaint stating that since April 23, 2013, his medication orders for eczema treatment have been "voided" by Dr. Morgan. Bridgeford notes the instant Complaint names Defendants different than those in his earlier case. ECF 4.[2]

In *Bridgford v Nimely*, *et al*., Civil Action No. PJM-13-495, this Court entered summary judgment in favor of Defendants, including three employees or former employees of medical contractor Wexford Health Sources, Inc., on January 14, 2014.[3] The Court takes notice of the following facts, set forth in verified exhibits and declarations, established in that case. *See e.g. Tellabs. Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (a court make take judicial notice of public records, including its own decisions); *Philips v. Pitt County. Memorial Hospital,* 572 F.3d 176, 180 (4th Cir. 2009) (same); *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) (a court may take judicial notice of matters of public record); *Anderson v. FDIC*, 918 F.2d 1139, 1141 (4th Cir. 1990) (stating "…we believe a district court should properly take judicial notice of its own records.").

First, Bridgeford is monitored and treated for diabetes with various medications by Wexford medical providers, has indicated that he does not want injectable insulin, and has been

---

[2] Bridgeford also filed a Motion to Compel Treatment (ECF No. 5) which will be denied. Bridgeford's Motion to Amend the Complaint (ECF 6) to add new defendants will be denied. To the extent Bridgeford wants to raise claims in a new complaint, he may to do so.

[3] Wexford Health Sources, Inc. contracts with the State of Maryland to provide medical services to inmates at certain state correctional institutions.

cautioned repeatedly by medical providers concerning his lack of compliance with medical orders for diabetes treatment. *Id*. ECF 61, Exhibit 1 at 1-5, 10, 12, 35, 44-45, 48, 50, 56, 58, 70-72. Bridgeford's allegation that Levemir insulin is not FDA approved is incorrect. *Id*. Exhibit 2 ¶ 9.

On June 6, 2013, John Morgan, M.D. met with Bridgeford to discuss his noncompliance with his insulin regimen. *Id*. at 56. Dr. Morgan's medical notes of the meeting describe Bridgeford as follows:

> Uncontrolled diabetic, last hgba1c seen because of insulin noncompliance. He has diabetes so out of control he was not able to be given a steroid shot for this shoulder since the steroid would further drive his diabetes out of control. He says loudly and repeatedly that he will NOT take insulin. He focuses only on the need for creams for his skin, and points to skin on hand (which to me appears normal) when asked to show example of abnormal skin. He absolutely refuses to take insulin. I will therefore discontinue all insulin. He does have oral meds already prescribed.

*Id*. at 54.

Second, Bridgeford has been examined and received prescription medication for shoulder and arm pain. *Id*. at 5, 7, 10, 44-45, 47, 49, 51, 54, 58. Bridgeford has repeatedly requested Cortisone injections for shoulder pain but has been informed such treatment is contraindicated due to his high blood sugar levels. *Id*. at 31, 37, 58, 63. Medical providers have explained to Bridgeford that refusing insulin could increase his changes for diabetic neuropathy, damage to the nerves that occurs due to high blood sugar levels *Id*. at 35; ECF 79 at 5.

Third, Bridgeford's eczema, which is described as "mild,"[4] is treated with various emollients and moisturizers. *Id*. Exhibit 2, ¶ 6 (decl. of Contah Nimely, M.D.). He has been

---

[4] Contah Nimely, M.D.'s declaration states Bridgeford's "allegation that he has 'stage 4' eczema is not a valid medical rating of the condition and is not an appropriate description for his condition." *Bridgford v Nimely*, *et al*. Civil Action No. PJM-13-495, ECF 61, Exhibit 2 ¶ 6.

offered and refused formulary products effective to treat his symptoms. *Id*. ¶ 8. [5] Elevated blood sugar can cause dry skin and lead to bacterial infection of eczema. *Id*. ¶ 9.

On July 17, 2013, Bridgeford expressed concern to Dr. Morgan about his skin care lotions. Dr. Morgan observed Bridgeford had clogged pores attributable to excessive lotion use, and reduced the lotions prescribed. *Id*.

## DISCUSSION

### A. Standard of Review

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" must be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." Under 28 U.S.C. § 1915(e),[6] which governs in forma pauperis proceedings, the court is required to screen initial filings, *see Eriline Company v. Johnson*, 440 F.3d 648, 656-657 (4th Cir. 2006), and "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

While this court is mindful that the pleadings of pro se litigants are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), factual allegations in a complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide "enough to raise a right to relief above a speculative level." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007).

---

[5] In the Wexford system, formulary review is conducted by Dr. Odifie. *See Bridgford v Nimely*, *et al*. Civil Action No. PJM-13-495ECF 61, Exhibit 2 ¶ 7.

[6] Bridgeford is proceeding in this case in forma pauperis. ECF 2 and 3.

4

## B. Claim Against Denise Morgan

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (stating that for liability to exist under § 42 U.S.C. § 1983, there must be personal involvement by the defendant in the violation alleged). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Bridgeford claims Denise Morgan, Assistant Warden at Roxbury Correctional Institution, fails to follow "mandated rules" to protect his life and liberty, placing his life in danger because he suffers from chronic pain. ECF 1. Bridgeford does not allege Morgan is personally involved in his medical care, and his claim against her is based on her supervisory position as she is not alleged to have been personally involved in his medical treatment.

It is well established that the doctrine of respondeat superior does not apply to claims raised pursuant to 42 U.S.C. § 1983 claim. *See Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984).

Supervisory liability under § 1983 must be supported with evidence: 1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; 2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and 3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Moreover, as non-medical official, Assistant Warden Morgan is entitled to rely on the medical judgment and expertise of prison physicians and medical staff concerning the course of treatment necessary for inmates. *See Shakka v. Smith*, 71 F.3d at 167 (4th Cir. 1995); *Miltier v. Beorn*, 896 F.2d 848, 854–55 (4th Cir. 1990) (stating that supervisory prison officials are entitled to rely on professional judgment of trained medical personnel and may be found to have been deliberately indifferent by intentionally interfering with an inmate's medical treatment ordered by such personnel). Bridgeford does not allege that Morgan interfered with or hindered his medical care, nor does he identify the "mandated rules" she allegedly failed to follow. For all these reasons, Bridgeford fails to state a cognizable federal claim against Assistant Warden Morgan.

### C. Claims Against Morgan, Odify, and Swacker

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To state an Eighth Amendment claim for denial of medical health care, a plaintiff must demonstrate that Defendants' actions (or their failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, a plaintiff was suffering

from a serious medical need and that, subjectively, staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Jackson v. Sampson*, _F. App'x.__, 2013 WL 3892952, at *1 (4th Cir. July 30, 2013); *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (citation omitted). Further, "any negligence or malpractice on the part of ... doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones*, 145 F.3d 164, 166 (4th Cir. 1998). Disagreements between medical staff and an inmate as to the necessity for, or the manner or extent of, medical treatment do not rise to a constitutional injury. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). An inmate's mere disagreement with the course of treatment provided by medical officers will not support a valid Eighth Amendment claim. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).

In this Complaint, Bridgeford does not allege Defendants Morgan, Odify, or Swacker, all medical providers, acted with requisite deliberate indifference to his serious medical needs. Indeed, Bridgeford seems to bring this action based on claims of negligence. ECF 1 ¶ IV (stating his intent to make parties accountable for "neglecting to provide medical treatment"). Thus, the Court concludes Bridgeford has failed to state a constitutional or federal claim against Defendants Morgan, Odify, or Swacker.[7]

---

[7] In light of the findings set forth in *Bridgeford v. Nimely, et al.*, Civil Action No. PJM-13-495 (D. Md.), granting Bridgeford additional time to supplement the instant Complaint is neither necessary nor promotes efficient use of judicial resources.

## CONCLUSION

For these reasons, the Court will DISMISS the Complaint for failure to state a claim upon which relief may be granted. A separate Order follows.

January 17, 2014

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE